IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JORDAN BLACK                    )
                                )
            Plaintiff,          )
                                )
vs.                             )         Case No. 25-CV-2036
                                )
EMILY DE LA CRUZ, *et al.*,     )
                                )
            Defendants.         )
                                )

**ANSWER TO COMPLAINT FOR DAMAGES**
**SERVED ON DEFENDANTS ON 03/18/25**

1) **Allegation:** Plaintiff is a citizen of the United States, residing in Wyandotte

County, Kansas.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegation.

2) **Allegation:** The KBOC is a state agency of the State of Kansas. It is properly

identified as the Kansas Board of Cosmetology.

**Answer:** Admitted

3) **Allegation:** At all times pertinent to the Complaint for Damages, Defendants

Martin and the unknown board members were members of the board service on the

KBC.

**Answer:** Deny.

1

4) **Allegation:** At all times pertinent to this Complaint for damages, defendant De La Cruz was an employee of the KBOC.

**Answer:** Admit.

5) **Allegation:** All counts in this complaint are brought under 42 U.S.C. 1983, a federal statute, for violations of Plaintiff's rights as protected by the Fourteenth Amendment of the United States.

**Answer:** Admit that all counts in this complaint are brought under 42 U.S.C. 1983. Allegation denied that Plaintiff's Fourteenth Amendment rights were violated.

6) **Allegation:** Some, if not all, of the alleged, unlawful practices took place in the State of Kansas.

**Answer:** Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation. Defendants specifically deny knowledge of "unlawful practices."

7) **Allegation:** Jurisdiction and venue are proper in the District of Kansas pursuant to 28 USC 1331 and 28 USC 13391.

**Answer:** Admit jurisdiction under 28 UC 1331.  Defendants deny in regard to the existence of 28 USC 13391.

8) **Allegation:** Plaintiff is a transgender woman, meaning she does not comport with tradition sex stereotypes of a person assigned the sex of male at birth.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

9) **Allegation:** Plaintiff began her transition several years ago and lives her life as a woman.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

10) **Allegation:** Plaintiff's middle name is Paul, which often alerts people that she is transgender.

**Answer:** Admit plaintiff's middle name is Paul. Deny middle name of "Paul" alerts people to status as trans-gender.

11) **Allegation:** Plaintiff is a veteran

**Answer:** Admit.

12) **Allegation:** Plaintiff graduated from the Southeastern School of Laser and Electrology ("Southeastern").

**Answer:** Admit.

13) **Allegation:** Plaintiff completed the program at Southeastern in January of 2023.

**Answer:** Admit.

14) **Allegation:** Plaintiff maintained her Kansas residency before, during, and after her schooling.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

15) **Allegation:** Prior to starting her education at Southeastern, Plaintiff contacted a KBOC representative to ensure she could receive her Kansas license even though she planned to attend a Kentucky school.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

16) **Allegation:** The KBOC employee assured Plaintiff that attending an out of state school would not prohibit her from obtaining a Kansas license to practice electrology.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

17) **Allegation:** For plaintiff to receive a Kansas electrology license she must have completed 500 school hours or 1,000 apprenticeship hours, had an active state license in another state, and pass a twenty-question open book exam.

**Answer:** Admit.

18) **Allegation:** Plaintiff completed a 600-hour course with Southeastern for electrology, which is well above Kansas's 500 required hours.

**Answer:** Admit.

19) **Allegation:** Plaintiff emailed the KBOC in early February 2023 to begin the process of applying for her Kansas license.

**Answer:** Admit.

20) **Allegation:** When Plaintiff first contacted the KBOC, Defendant De La Cruz was her point of contact.

**Answer:** Admit.

21) **Allegation:** De La Cruz was the administrative assistant who collected all of Plaintiff's documentation.

**Answer:** Admit.

22) **Allegation:** Collecting information was part of De La Cruz's job responsibilities with the KBOC.

**Answer:** Admit.

23) **Allegation:** Among those documents De La Cruz collected, were documents which included Plaintiff's middle name, as well as other identifiers, from which Defendants were readily able to deduce that Plaintiff is transgender.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

24) **Allegation:** After collecting Plaintiff's documents, De La Cruz told Plaintiff that there was an additional rule for training programs completed outside of Kansas.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

25) **Allegation:** De La Cruz alleged the State of Kentucky, or a state agency within Kentucky, needed to send verification that Plaintiff had completed the necessary training hours to De La Cruz to finish Plaintiff's application.

**Answer:** Admit.

26) **Allegation:** In the two years prior to Plaintiff applying to KBOC for her electrology license, two other students from Southeastern received their licenses, who were not required to produce additional verification from a state agency.

**Answer:** Admit.

27) **Allegation:** Southeastern provided the verification of hours completed, which satisfied KB0C'S requirements for the other two graduates.

**Answer:** Admit.

28) **Allegation:** Neither of the other two applicants are transgender.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

29) **Allegation:** Both of the other applicants were permitted to take the licensing exam and granted licenses without undue delay.

**Answer:** Admit.

30) **Allegation:** Plaintiff asked De La Cruz why she, Plaintiff, was required to produce additional verification from a state agency.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

31) **Allegation:** De La Cruz did not provide an answer.

**Answer:** Admit.

32) **Allegation:** Plaintiff has also sent De La Cruz proof of her license in the State of Iowa as proof in support of the requirement of being licensed in another state prior to applying for licensure in the State of Kansas.

**Answer:** Denied.

33) **Allegation:** De La Cruz refused to acknowledge receipt of Plaintiff's Iowa license, which Plaintiff had sent to De La Cruz multiple times.

**Answer:** Denied.

34) **Allegation:** After Plaintiff emailed De La Cruz for a third time with the same information regarding her Iowa license, the case was forwarded to the Licensing Director, Kassiah Martin.

**Answer:** Admit.

35) **Allegation:** While Plaintiff's application was with De La Cruz, De La Cruz created additional barriers to Plaintiff for receiving her license by requiring Plaintiff meet additional fictitious alleged requirements for licensure.

**Answer:** Denied.

36) **Allegation:** The additional made up requirements had not been required of other applicants.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

37) **Allegation:** Defendant De La Cruz further deliberately ignored legitimately required information Plaintiff provided to her for licensure.

**Answer:** Denied.

38) **Allegation:** After De La Cruz was removed from working the application, Defendant Martin was assigned the file.

**Answer:** Deny De La Cruz was "removed; Admit Martin was assigned file.

39) **Allegation**: Martin was at all times relevant to this Complaint for Damages, the Licensing Director for the KBOC.

**Answer:** Denied.

40) **Allegation:** Martin finally accepted verification of Plaintiff's Iowa license after Plaintiff emailed Martin the information; Plaintiff was required to send the same information to a KBOC employee four times in total before KBOC finally accepted it.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

41) **Allegation:** Martin further reiterated to Plaintiff that the State of Kentucky must submit a formal notice that Plaintiff completed the required training hours.

8

**Answer:** Admit.

42) **Allegation:** Martin alleged verification from the school would not be accepted because training verification would allegedly only be accepted from a government agency in the State of Kentucky.

**Answer:** Admit.

43) **Allegation:** Plaintiff worked with Southeastern and her Veteran's Affairs case worker in attempt to obtain verification from the Kentucky Commission Board of Proprietary Education ("KCBPE").

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

44) **Allegation:** KCBPE informed Plaintiff through Southeastern that certification of hours was not something KCBPE could provide and referred Plaintiff back to Southeastern as the school that provided her training.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

45) **Allegation:** Upon receiving the foregoing information from KCBPE, Plaintiff informed Martin that it was not possible to receive training certification through the State of Kentucky, as their procedures required the certification to come from the school Plaintiff attended that is licensed with the state.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

46) **Allegation:** Additionally, Plaintiff, who already knew that two other non-transgender students from Southeastern had been granted licenses by the State of Kansas, asked Martin why the KBOC had granted the two other recent students from Southeastern their Kansas licenses without verification from a state agency in Kentucky, but imposed such a requirement on Plaintiff.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

47) **Allegation:** Martin never provided an answer.

**Answer:** Denied.

48) **Allegation:** Martin continued to deny Plaintiff's license application as incomplete, citing the same rule that the training certification must come from the state.

**Answer:** Admit.

49) **Allegation:** On May 25, 2023, Plaintiff requested an appeal with the licensing subcommittee to have her application reviewed by someone other than Martin.

**Answer:** Admit.

50) **Allegation:** There are three members of the licensing subcommittee, herein referred to as Mary Roe, Jane Doe and Jane Roe.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

51) **Allegation:** The three licensing subcommittee members reviewed Plaintiff's application.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

52) **Allegation:** Martin allegedly provided them with all of the information on Plaintiff's application to make a decision.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

53) **Allegation:** Upon information and belief, Martin intentionally did not provide the Subcommittee all of the information Plaintiff had provided and instead provided an incomplete application.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

54) **Allegation:** Further included in those materials Martin did provide were documents alerting the subcommittee member to Plaintiff's gender identity as a transgender woman.

**Answer:** Denied.

11

55) **Allegation:** The subcommittee denied Plaintiff's appeal thus denying her application for a Kansas Cosmetology License.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

56) **Allegation:** Had Defendants approved Plaintiff's application, she would have then been permitted to sit for a twenty-one question examination.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

57) **Allegation:** Upon passing the exam, Plaintiff would have been given a license to practice as an electrologist in the State of Kansas.

**Answer:** Denied.

58) **Allegation:** As a result of Defendants' denial of Plaintiff's application, Plaintiff was not permitted to sit for the twenty-one question exam.

**Answer:** Denied.

59) **Allegation:** Defendant violated Plaintiff's rights under the United States Constitution and unjustly denied Plaintiff a license under color of state law in 2023.

**Answer:** Denied.

60) **Allegation:** Plaintiff continued to contact KBOC every few months throughout 2023 to see if there was a change to her application status.

**Answer:** Admit.

61) **Allegation:** In or around January of 2024, Plaintiff discovered Martin was no longer on the KBOC.

**Answer:** Deny. Neither Martin or De La Cruz were ever KBOC board members.

62) **Allegation:** Plaintiff followed up on her license application through a different source after not being able to contact Martin.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

63) **Allegation:** After Plaintiff followed up, she was surprised when De La Cruz answered and informed her that Plaintiff's application was complete and that she could now sit for her licensing exam.

**Answer:** Denied.

64) **Allegation:** Plaintiff asked De La Cruz what changed regarding her application.

**Answer:** Denied.

65) **Allegation:** De La Cruz did not provide a reason for the change in attitude towards Plaintiff and her application for license.

**Answer:** Admit.

66) **Allegation:** Plaintiff provided De La Cruz the completed exam on January 30, 2024.

**Answer:** Admitted.

67) **Allegation:** On March 3, 2024, Plaintiff finally received her electrology license to practice in the State of Kansas.

**Answer:** It is admitted that the Plaintiff received her license to practice electrology in Kansas. Defendants lack knowledge or information sufficient to form a belief about the precise date Plaintiff received her license because it was mailed to her.

68) **Allegation:** Upon completion of her classes at Southeastern, Plaintiff had received an offer of employment with Roxanne Alamos in Kansas City, Ks. In anticipation that she would easily and quickly be able to receive her license from the State of Kansas.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

69) **Allegation:** Ms. Alamos was one of the students who attended Southeastern and received her Kansas licensure without issue.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

70) **Allegation:** Plaintiff was denied employment opportunities in her chosen field, denied equal protection under the law by Defendants' intentional refusal to process Plaintiff's application.

**Answer:** Denied.

71) **Allegation:** Defendants intentionally refused to perform their ministerial duty to process Plaintiff's application for licensure before ultimately allowing Plaintiff to sit for the licensing exam only after Defendant Martin was no long (sic) on the KBOC.

**Answer:** Denied that Martin was on the KBOC. Denied that Defendants intentionally refused to perform their ministerial duties.

72) **Allegation:** Plaintiff was forced to take employment as a security guard because she could not enter her field of work.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

73) **Allegation:** Plaintiff was forced to take employment that paid her less than what she would have made had she been able to work in her chosen field as an electrologist.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

74) **Allegation:** Because of the delay in licensing Plaintiff, she went fifteen (15) months without being able to work in her skill area.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

75) **Allegation:** Plaintiff was damaged by Defendants' intentional violation of her constitutional rights and intentional deprivation of her civil rights.

**Answer:** Both allegations are denied.

15

76) **Allegation:** Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all preceding paragraphs.

**Answer:** All allegations are denied unless specifically admitted.

77) **Allegation:** Plaintiff met the listed requirements for a Kansas electrology license.

**Answer:** Admit.

78) **Allegation:** Plaintiff applied for said license in February 2023.

**Answer:** Admitted.

79) **Allegation:** However, Defendant De La Cruz refused to advance Plaintiff's application for licensure under color of state law and denied Plaintiff the opportunity to sit for the exam for a year.

**Answer:** Deny refusal to advance Plaintiff's application for licensure; admit application was held until complete.

80) **Allegation:** The delay in receiving her license has damaged Plaintiff financially through lost income and career growth.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

81) **Allegation:** Along with financial stressors, Plaintiff has suffered humiliation, embarrassment, degradation, and loss of self-esteem as a result of having her constitutional and civil rights violated by Defendant.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

82) **Allegation:** Defendant (Emily De La Cruz) refused to perform her ministerial duty of processing Plaintiff's licensure application solely because Plaintiff is transgender.

**Answer:** Denied.

83) **Allegation:** Defendant (Emily De La Cruz) denied Plaintiff the equal protection of the laws under the Fourteenth Amendment to the United States Constitution while acting under the color of state law.

**Answer:** Denied.

84) **Allegation:** As shown by the foregoing, Defendant's (Emily De La Cruz) conduct was willful, wanton, and malicious, and showed completed (sic) indifference to or conscious disregard of the rights of others, including the rights of Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other agencies from the conduct (sic) in the future.

**Answer:** Denied.

85) **Allegation:** Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all preceding paragraphs.

**Answer:** All previous allegations are denied unless specifically admitted.

17

86) **Allegation:** Plaintiff cannot be deprived of her life, liberty or property by a governmental agency without due process.

**Answer:** Admitted.

87) **Allegation:** Plaintiff's electrology license is property as it is a governmental benefit to which she is entitled upon meeting qualifications, which Plaintiff does.

**Answer:** Denied.

88) **Allegation:** Plaintiff's electrology license will be used to further her life goals and financial security.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

89) **Allegation:** Defendant De La Cruz intentionally hindered Plaintiff's application and refused to process Plaintiff's application alleging the application was incomplete under false pretense.

**Answer:** Denied.

90) **Allegation:** Further, Defendant De La Cruz enforced unreasonable, fictitious requirements for plaintiff's application which ultimately prevented Plaintiff from completing her application and obtaining her license for more than a year.

**Answer:** Denied.

18

91) **Allegation:** The subcommittee denied Plaintiff's appeal because of De La Cruz's intentional act of misrepresenting Plaintiff's application as incomplete thus depriving her of a constitutionally provided liberty.

**Answer:** For the time period Ms. De La Cruz possessed Plaintiff's file, any and all "intentional misrepresentation" is denied. For the time period Ms. De La Cruz possessed the file, it is admitted that Plaintiff's file was incomplete. For the time period Ms. De La Cruz possessed the Plaintiff's file, any deprivation of Plaintiff's constitutional rights is denied.

92) **Allegation:** Plaintiff's application should have been accepted at least if the subcommittee followed the same standards previous application had to meet.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

93) **Allegation:** Plaintiff's application would have been approved but for the fact she is transgender.

**Answer:** It has been previously stipulated that Plaintiff received her electrology license to practice in the State of Kansas. (See allegation number 67)

94) **Allegation:** Defendant De La Cruz denied Plaintiff procedural due process because Plaintiff is transgender.

**Answer:** Denied.

95) **Allegation:** Plaintiff hereby alleges and incorporates by reference the allegations contained in all preceding paragraphs.

**Answer:** All previous allegations are denied, unless specifically admitted.

96) **Allegation:** Plaintiff met the listed requirements for a Kansas electrology license.

**Answer:** It has been previously stipulated that Plaintiff received her electrology license to practice in the State of Kansas. (See allegation number 67).

97) **Allegation:** Defendant Martin required Plaintiff to produce certification from a Kentucky state agency related to training hours knowing that said agency would not and could not certify Plaintiff's training hours and that such information would have to come Plaintiff's school.

**Answer:** Defendant Martin admits requiring Plaintiff to produce certification; denies knowing that such information would have to come from plaintiff's school.

98) **Allegation:** Defendant Martin refused to accept a certification of Plaintiff's training hours from said school, which was the one entity that would certify Plaintiff's training.

**Answer:** Denied.

99) **Allegation:** Other graduates from the same school in Kentucky have received Kansas cosmetology licenses with the requirement of certification of training hours from a Kentucky state agency; said applicants were granted Kansas cosmetology licenses based upon certification from the same Kentucky school attended by Plaintiff.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

100) **Allegation:** Defendant Martin intentionally created barriers for Plaintiff not required of other applicants, which allegedly rendered Plaintiff's application "incomplete."

**Answer:** Denied.

101) **Allegation:** Defendant Martin intentionally impeded Plaintiff's application because Plaintiff is transgender.

**Answer:** Denied.

102) **Allegation:** Defendant Martin intentionally denied Plaintiff the opportunity to sit for the twenty-question exam for a period of approximately one year under color of state law.

**Answer:** Denied.

103) **Allegation:** The delay in receiving her license has damaged plaintiff financially through lost income, lost opportunity, and diminished career growth.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

104) **Allegation:** Along with financial stressors, Plaintiff is mentally wounded and exhausted from having to provide information to gather to an unyielding board.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

105) **Allegation:** Plaintiff worked hard and put in 600 hours of training to pursue her chosen career path and was prohibited by Defendant under color of state law because she is transgender.

**Answer:** Denied.

106) **Allegation:** Defendant Martin denied Plaintiff the equal protection of the laws under the Fourteenth Amendment to the United States Constitution while acting under color of state law.

**Answer:** Denied.

107) **Allegation:** As shown by the foregoing, Defendant Martin's conduct was willful, wanton, and malicious and showed completed (sic) indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an aware (sic) of punitive damages in an amount sufficient to punish Defendants or to deter them and other agencies from the conduct in the future.

**Answer:** Denied.

108) **Allegation:** Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all preceding paragraphs.

**Answer:** All allegations are denied unless specifically admitted.

22

109) **Allegation.** Plaintiff cannot be deprived of her life, liberty or property by a governmental agency without due process.

**Answer:** Admitted.

110) **Allegation:** Plaintiff's electrology license is property as it is a governmental benefit to which she is entitled to if she meets the qualifications, which Plaintiff does.

**Answer:** Denied.

111) **Allegation:** Plaintiff's electrology license will be used to further her life goals and financial security.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

112) **Allegation:** Defendant Martin hindered Plaintiff's application process because Defendant Martin never provided Plaintiff notice of her application's allegedly incomplete status.

**Answer:** Denied.

113) **Allegation:** Defendant Martin created unreasonable requirements for Plaintiff's application which ultimately prevented Plaintiff from completing the application requirements imposed by Martin.

**Answer.** Denied.

114) **Allegation:** Plaintiff requested her application be reviewed by the subcommittee.

**Answer:** Admit.

115) **Allegation:** However, Defendant Martin did not fairly represent Plaintiff's application, and the impossible requirements Defendant Martin set (sic) to the subcommittee.

**Answer:** Deny.

116) **Allegation:** Plaintiff was not told what Martin provided to the subcommittee for their review and whether that included Plaintiff's explanation of why she could not get the State of Kentucky to verify her training hours.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

117) **Allegation:** Defendant Martin denied the Plaintiff the opportunity to talk, explain the situation, or write a letter to the subcommittee.

**Answer:** Deny.

118) **Allegation:** The subcommittee denied Plaintiff's appeal, thus depriving her of a constitutionally provided right.

**Answer:** Denied.

119) **Allegation:** Plaintiff's application should have been accepted, at least if the subcommittee followed the same standards previous applications had to meet.

**Answer:** Denied.

24

120) **Allegation:** Plaintiff's application would have been approved but for the fact she is transgender.

**Answer:** Denied. It has been previously stipulated that the Plaintiff has received her electrology license to practice in Kansas. (Allegation 67).

121) **Allegation:** Defendant Martin denied Plaintiff procedural due process because Plaintiff is transgender.

**Answer:** Denied.

122) **Allegation:** Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all preceding paragraphs.

**Answer:** All allegations are denied unless specifically admitted.

123) **Allegation:** Plaintiff met the listed requirements for a Kansas electrology license.

**Answer:** It has been previously admitted that Plaintiff received her electrology license to practice in Kansas.

124) **Allegation:** Defendants denied Plaintiff's application over an impossible requirement which previous applicants were not required to meet.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

125) **Allegation:** The delay in receiving her license has damaged Plaintiff financially through loss of income and career growth.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

126) **Allegation:** Along with the financial stressors. Plaintiff is mentally wounded and exhausted from having to provide information that was impossible to gather to an unyielding board.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

127) **Allegation:** Plaintiff worked hard and put in 600 hours of training to pursue her chosen career path and was prohibited by Defendants under color of state law because she is transgender.

**Answer**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations. Defendants specifically deny plaintiff was 1) prohibited by Defendants under color of state law and 2) Defendants deny any prohibition under color of state law "because she is transgender."

128) **Allegation:** Defendants denied Plaintiff the equal protection of laws under the Fourteenth Amendment to the United States Constitution while acting under color of state law.

**Answer:** Denied.

129) **Allegation:** As shown by the foregoing, Defendants' (sic) conduct was willful, wanton, and malicious and showed completed (sic) indifference to or conscious

disregard for the rights of others, including the rights of Plaintiff, thus justifying an

aware (sic) punitive damages in an amount sufficient to punish Defendants or to deter

them and other agencies from the conduct in the future.

**Answer:** All allegations contained in statement 129 are denied.

130) **Allegation:** Plaintiff hereby re-alleges and incorporates by reference the

allegations contained in all preceding paragraphs.

**Answer:** Defendants deny all allegations contained in preceding paragraphs unless

specifically admitted.

131) **Allegation:** Plaintiff cannot be deprived of her life, liberty or property by a

governmental agency without due process.

**Answer:** Admitted.

132) **Allegation:** Plaintiff's electrology license is property as it is a governmental

benefit to which she is entitled to if she meets the qualifications, which Plaintiff does.

**Answer:** Deny.

133) **Allegation:** Plaintiff's electrology license would be used to further her life goals

and financial security.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegation.

134) **Allegation:** Plaintiff was denied her property right and thus appealed to the

Defendant Board Members.

27

**Answer:** Allegation of denial of property right is denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the reason for appeal to the "Defendant Board Members".

135) **Allegation:** Plaintiff's full name was on the application, thus alerting the subcommittee members of her transgender status.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

136) **Allegation:** The subcommittee denied her appeal, thus depriving her of a constitutionally provided Liberty.

**Answer:** Denied.

137) **Allegation:** Plaintiff's application should have been accepted, at least if the subcommittee followed the same standards previous applications had to meet.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

138) **Allegation:** Plaintiff's application would have been approved but for the fact Plaintiff (if) sic transgender.

**Answer:** Denied. It has been previously stipulated that the Plaintiff received her electrology license to practice in Kansas. (Allegation 67).

139) **Allegation:** Defendants denied Plaintiff procedural due process because Plaintiff is transgender.

**Answer:** Allegation that Plaintiff was denied due process rights is denied.

Allegation that Plaintiff was denied due process because Plaintiff is transgender is also

denied.

<div style="margin-left:40%">

Respectfully submitted,

KRIS W. KOBACH
Attorney General

/s/ *Bradley E. Avery*
Bradley E. Avery, KS #13071
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel: (785) 296-2215
Fax: (785) 291-3767
Email:  brad.avery@ag.ks.gov
*Attorney for Defendants*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Arden Pearson
Missouri Kansas Queer Law
103 W 26th Ave Suite 170
North Kansas City, MO 64130
arden@mokanqueerlaw.com
*Attorney for Plaintiff*

<div style="margin-left:40%">

s/ *Bradley E. Avery*
Bradley E. Avery, KS #13071

</div>