**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JORDAN BLACK                   ) | |
|                         ) | |
|         **Plaintiff,**       ) | |
|                         ) | |
| **vs.**                      ) | **Case No. 25-CV-2036** |
|                         ) | |
| **EMILY DE LA CRUZ,** *et al.,*   ) | |
|                         ) | |
|         **Defendants.**     ) | |

**ANSWER TO AMENDED COMPLAINT FOR DAMAGES**

1) **Allegation:** Plaintiff is a citizen of the United States, residing in Wyandotte County, Kansas.

   **Answer:** Admitted.

2) **Allegation:** The KBC is a state agency of the State of Kansas.

   **Answer:** Admitted.

3) **Allegation:** At all times pertinent to this Complaint for Damages, Defendants Unknown Board Members were members of the board serving on the KBC.

   **Answer:** Admit unknown board members were members of the board serving on the KB(O)C.

4) **Allegation:** At all times pertinent to this Complaint for Damages, defendant De La Cruz and Martin were employees of the KBC.

   **Answer:** Admit De La Cruz was an employee at all times pertinent to the Complaint; deny Martin was an employee at all times pertinent since she was terminated.

1

5) **Allegation:** All counts in this complaint are brought under 42 U.S.C. § 1983, a federal statute, for violations of Plaintiff's rights as protected by the Fourteenth Amendment of the United States.

**Answer:** Admit that all counts in this complaint are brought under 42 U.S.C. § 1983. Allegation denied that Plaintiff's Fourteenth Amendment rights were violated.

6) **Allegation:** Some, if not all, of the alleged, unlawful practices took place in the State of Kansas.

**Answer:** Deny any unlawful practices occurred.

7) **Allegation:** Jurisdiction and venue are proper in the District of Kansas pursuant to 28 USC § 1331 and 28 USC § 13391.

**Answer:** Deny.

8) **Allegation:** Plaintiff is a transgender woman, meaning she does not comport with traditional sex stereotypes of a person assigned the sex of male at birth.

**Answer:** Admit Plaintiff is a transgender woman.

9) **Allegation:** Plaintiff began her transition several years ago and lives her life as a woman.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

10) **Allegation:** Plaintiff's middle name is Paul, which often alerts people that she is transgender.

**Answer:** Deny.

11) **Allegation:** Plaintiff is a veteran.

   **Answer:** Admit.

12) **Allegation:** Plaintiff graduated from the Southeastern School of Laser & Electrology

   ("Southeastern") in Kentucky with training as an electrologist.

   **Answer:** Admit.

13) **Allegation:** Plaintiff completed the program at Southeastern in January of 2023.

   **Answer:** Admit.

14) **Allegation:** Plaintiff maintained her Kansas residency before, during, and after her

   schooling.

   **Answer:** Defendants lack knowledge or information sufficient to form a belief about

   the truth of the allegation.

15) **Allegation:** Prior to starting her education at Southeastern, Plaintiff contacted a KCB

   representative to ensure she could receive her Kansas license even though she

   planned to attend a Kentucky school.

   **Answer:** Defendants lack knowledge or information sufficient to form a belief about

   the truth of the allegation.

16) **Allegation:** The KBC employee assured Plaintiff that attending an out of state school

   would not prohibit her from obtaining a Kansas license to practice electrology.

   **Answer:** Defendants lack knowledge or information sufficient to form a belief about

   the truth of the allegation.

17) **Allegation:** For plaintiff to receive a Kansas electrology license she must have

   completed 500 school hours or 1,0000 apprenticeship hours, had an active state

   license in another state, and pass a twenty-question open book exam.

3

**Answer:** Admit to the required qualifications listed. However, the KBOC had an additional qualification to those listed.

18) **Allegation:** Plaintiff completed a 600-hour course with Southeastern for electrology, which is well above Kansas's 500 required hours.

**Answer:** Admit that plaintiff completed the course work stated. Admit that 500 is .83 percent of 600.

**Emily De La Cruz**

19) **Allegation:** Plaintiff emailed the KBC in early February 2023 to begin the process of applying for her Kansas license.

**Answer:** Admit.

20) **Allegation:** When Plaintiff first contacted the KBC, Defendant De La Cruz was her point of contact.

**Answer:** Admit.

21) **Allegation:** De La Cruz was the administrative assistant who collected all of Plaintiff's documentation.

**Answer:** Admit to receiving documentation of plaintiff; defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that it was all of plaintiff's documentation.

22) **Allegation:** Collecting documentation was part of De La Cruz's job responsibilities with the KBC.

**Answer:** Admit.

23) **Allegation:** Plaintiff's electrolysis license application required she provide her driver's license.

4

**Answer:** Admit.

24) **Allegation:** Due to Kansas laws, Plaintiff's gender marker on her driver's license much match the gender she was assigned at birth, male.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

25) **Allegation:** Plaintiff also marked on her application the male gender because Plaintiff thought her application must match her driver's license.

**Answer:** Defendant lack knowledge or information sufficient to form a belief about the truth of the allegation.

26) **Allegation:** Plaintiff called De La Cruz to discuss her application, at which time it became evident plaintiff is transgender because her voice is very feminine.

**Answer**: Admit that De La Cruz discussed the application. Deny that a feminine voice, presuming her voice was "feminine" necessarily indicates an individual is transgender.

27) **Allegation:** After collecting Plaintiff's documents, De La Cruz told Plaintiff that there was an additional rule for training programs completed outside the State of Kansas.

**Answer:** Admit.

28) **Allegation:** De La Cruz alleged the State of Kentucky, or a state agency with Kentucky, needed to send verification that Plaintiff had completed the necessary training hours to De La Cruz to finish Plaintiff's application.

**Answer:** Admit.

29) **Allegation:** In the two years prior to Plaintiff applying to KBC for her electrology license, two other students from Southeastern received their licenses who were not required to produce additional verification from a state agency.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

30) **Allegation:** Southeastern provided verification of hours completed, which satisfied KBC's requirement for the two other graduates.

**Answer:** Defendant lack knowledge or information sufficient to form a belief about the truth of the allegation.

31) **Allegation:** Neither of the other two applicants are transgender.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

32) **Allegation:** Both of the other applicants were permitted to take the licensing exam and granted licenses without undue delay.

**Answer:** Admit.

33) **Allegation:** Plaintiff asked De La Cruz why she, Plaintiff, was required to produce additional verification from a state agency.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

34) **Allegation:** De La Cruz did not provide an answer.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

35) **Allegation:** Plaintiff had also sent De La Cruz proof of her license in the State of Iowa as proof in support of the requirement of being licensed in another state to applying for licensure in the State of Kansas.

**Answer:** Admit.

36) **Allegation:** De La Cruz refused to acknowledge receipt of Plaintiff's Iowa license, which Plaintiff had sent to De La Cruz multiple times.

**Answer:** Deny.

37) **Allegation:** After Plaintiff emailed De La Cruz for a third time with the same information regarding her Iowa license, the case was forwarded to the Licensing Director, Kassiah Martin.

**Answer:** Admit.

38) **Allegation:** While Plaintiff's application was with De La Cruz, De La Cruz created additional barriers for Plaintiff for receiving her license by requiring Plaintiff meet additional fictitious alleged requirements for licensure.

**Answer:** Denied.

39) **Allegation:** The additional made up requirements had not been required for other applicants.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

40) **Allegation:** Defendant De La Cruz deliberatively ignored legitimately required information Plaintiff provided to her for licensure.

**Answer:** Deny.

7

**Kassiah Martin**

41) **Allegation:** After De La Cruz was removed from working the application, Defendant Martin was assigned the file.

**Answer:** Deny De La Cruz was "removed." Admit Martin was assigned the filed.

42) **Allegation:** Martin was, at all times relevant to this Complaint for Damages, the Licensing Director for the KBC.

**Answer:** Deny.

43) **Allegation:** Plaintiff went to the KBC office in Topeka and personally met with Martin to request information about her application.

**Answer:** Admit.

44) **Allegation:** Plaintiff appeared extremely feminine and again showed to Defendants that she presented as a woman rather than a man as her application indicated.

**Answer:** Admit plaintiff appeared to be a woman.

45) **Allegation:** Martin finally accepted verification of Plaintiff's Iowa license after Plaintiff emailed Martin the information; Plaintiff was required to send the same information to a KBC employee four times in total before it was finally accepted it.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

46) **Allegation:** Martin further reiterated to Plaintiff that the State of Kentucky must submit a formal notice that Plaintiff completed the required training hours.

**Answer:** Admit.

47) **Allegation:** Martin alleged verification from the school would not be accepted because training verification would allegedly only be accepted from a government agency in the State of Kentucky.

**Answer:** Admit. The statement cited is Board Policy stated on the KBOC Application for Out of State Licensure.

48) **Allegation:** Plaintiff worked with Southeastern and her Veteran's Affairs case worker in attempt (sic) to obtain verification from the Kentucky Commission Board of Proprietary Education ("KCBPE").

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

49) **Allegation:** KCBPE informed Plaintiff through Southeastern that certificate hours were not something KCBPE could provide and referred Plaintiff back to Southeastern as the school that provided training.

**Answer:** Admit.

50) **Allegation:** Upon receiving the foregoing information from KCBPE, Plaintiff informed Martin that it was not possible to receive training certification through the state of Kentucky, as their procedures required the certification to come from the school Plaintiff attended that is licensed with the State.

**Answer:** Admit.

51) **Allegation:** Additionally, Plaintiff, who already knew that two other non-transgender students from Southeastern had been granted licenses by the State of Kansas, asked Martin why the KBOC had granted the two other recent students from Southeastern

their licenses without verification from a state agency in Kentucky, but imposed such a requirement on Plaintiff.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

52) **Allegation:** Martin never provided an answer.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

53) **Allegation:** Martin continued to deny Plaintiff's license application as incomplete, citing the same rule that the training certification must come from the state.

**Answer:** Admit.

54) **Allegation:** On May 25, 2023, plaintiff requested an appeal with the licensing subcommittee to have her application reviewed by someone other than Martin.

**Answer:** Admit.

**Licensing committee**

55) **Allegation:** There are three members of the licensing subcommittee, herein referred to as Mary Roe, Jane Doe, and Jane Roe.

**Answer:** Admit there were three members of the licensing subcommittee who considered Plaintiff's application.

56) **Allegation:** The three Licensing Subcommittee members reviewed Plaintiff's application.

**Answer:** Admit.

57) **Allegation:** Martin allegedly provided them with all of the information on Plaintiff's application to make a decision.

**Answer:** Admit.

58) **Allegation:** Upon information and belief, Martin intentionally did not provide the Subcommittee all of the information Plaintiff had provided and instead provided an incomplete application.

**Answer:** Deny.

59) **Allegation:** The Subcommittee denied Plaintiff's appeal thus denying her application for a Kansas Cosmetology License.

**Answer:** Deny. Plaintiff has received her electrology license from the Kansas Board of Cosmetology.

60) **Allegation:** Had Defendants approved Plaintiff's application she would have been permitted to sit for a twenty-one-question examination.

**Answer:** Admit. Plaintiff took the referenced exam and passed it.

61) **Allegation:** Upon passing such exam, Plaintiff would have been given a license to practice as an electrologist in the State of Kansas.

**Answer:** Admit. Plaintiff is currently practicing as an electrologist in the State of Kansas.

62) **Allegation:** As a result of Defendants' denial of Plaintiff's application, Plaintiff was not permitted to sit for the twenty-one-question exam.

**Answer:** Deny. Plaintiff took the twenty-one-question exam and passed it.

63) **Allegation:** Defendant violated Plaintiff's rights under the United States Constitution and unjustly denied Plaintiff a license under color of state law in 2023.

**Answer:** Deny.

**License**

64) **Allegation:** Plaintiff continued to contact KCB every few months through 2023 to see if there was change in her application status.

**Answer:** Admit

65) **Allegation:** In or around January 2024, Plaintiff discovered Martin no longer worked for the KCB.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

66) **Allegation:** Plaintiff followed up on her license application through a different source after not being able to contact Martin.

**Answer:** Admit.

67) **Allegation:** After Plaintiff followed up, she was surprised when De La Cruz answered and informed her that Plaintiff's application was complete and that she could now sit for her licensing exam.

**Answer:** Admit.

68) **Allegation:** Plaintiff asked De La Cruz what changed regarding her application.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

69) **Allegation:** De La Cruz did not provide a reason for the change in attitude towards Plaintiff and application for licensure.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

70) **Allegation:** Plaintiff provided De La Cruz the completed exam on January 30, 2024.

**Answer:** Admit.

71) **Allegation:** On March 3, 2024, plaintiff finally received her electrology license to practice in the State of Kansas.

**Answer:** Admit.

72) **Allegation:** Upon completion of her classes at Southeastern, Plaintiff had received an offer of employment with Roxanne Alamos in Kansas City, Kansas in anticipation that she would easily and quickly be able to receive her license from the State of Kansas.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

73) **Allegation:** Ms. Alamos was one of the students who attended Southeastern and received her Kansas licensure without issue.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

74) **Allegation:** Plaintiff was denied employment opportunities in her chosen field, denied equal protection under the law, and denied due process by Defendants' intentional refusal to process Plaintiff's application.

**Answer:** Deny.

75) **Allegation:** Defendants intentionally refused to perform their ministerial duty to process Plaintiff's application for licensure before ultimately allowing Plaintiff to sit for the licensing exam only after Defendant Martin was no long on the KBC.

**Answer:** Deny.

13

76) **Allegation:** Plaintiff was forced to take employment as a security guard because she could not enter her field of work.

**Answer:** Deny. Plaintiff was a licensed Electrologist in Iowa. She also had experience wiring computers and two years of college at Wichita State University.

77) **Allegation:** Plaintiff was forced to take employment that paid her less than what she would have made had she been able to work in her chosen field as an electrologist.

**Answer:** Deny. Plaintiff was a licensed Electrologist in Iowa.

78) **Allegation:** Because of the delay in licensing Plaintiff went fifteen (15) months without being able to work in her skill area.

**Answer:** Deny. Plaintiff was licensed in Iowa as an electrologist.

79) **Allegation:** Plaintiff was damaged by Defendants' intentional violation of her constitutional rights and intentional deprivation of her civil rights.

**Answer:** Deny.

**Count I - De La Cruz - Equal Protection.**

80) **Allegation:** Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all preceding paragraphs.

**Answer:** Unless specifically admitted, all previous allegations are denied.

81) **Allegation:** Plaintiff met the listed requirements for a Kansas Electrology license.

**Answer:** Deny**.** One of the listed requirements on the out-of-state KBOC application was certification of plaintiff's training hours by a state agency.

82) **Allegation:** Plaintiff applied for said license in February of 2023.

**Answer:** Admitted.

14

83) **Allegation:** However, Defendant De La Cruz refused to advance Plaintiff's application for licensure under color of state law and denied Plaintiff the opportunity to sit for the exam for a year.

**Answer:** Deny.

84) **Allegation:** The delay in receiving her license has damaged Plaintiff financially through lost income and career growth.

**Answer:** Deny.

85) **Allegation:** Along with the financial stressors, Plaintiff has suffered humiliation, embarrassment, degradation, and loss of self-esteem as a result of her constitutional and civil rights violated by Defendant.

**Answer:** Defendants deny plaintiff's constitutional and civil rights were violated and deny plaintiff has suffered humiliation, embarrassment, degradation, and loss of self-esteem as the result of any act or failure to act on behalf of the plaintiff.

86) **Allegation:** Defendant refused to perform her ministerial duty of processing Plaintiff's licensure application solely because Plaintiff is transgender.

**Answer:** Deny.

87) **Allegation:** Defendant denied Plaintiff the equal protection of the laws under the Fourteenth Amendment to the United States Constitution while acting under color of state law.

**Answer:** Deny.

88) **Allegation:** As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed completed indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus, justifying an award of punitive

damages in an amount sufficient to punish Defendants or to deter them and other agencies from the conduct in the future.

**Answer:** Deny.

**Count II – De La Cruze – Due Process**

89) **Allegation:** Plaintiff herby re-alleges and incorporates the allegations contain in all preceding paragraphs.

**Answer:** All preceding allegations are denied unless specifically admitted.

90) **Allegation:** Plaintiff cannot be deprived of her life, liberty or property by a governmental agency without due process.

**Answer:** Admit.

91) **Allegation:** Plaintiff's electrology license is property as it is a governmental benefit to which she is entitled upon meet the qualifications, which Plaintiff does.

**Answer:** Deny.

92) **Allegation:** Plaintiff's electrology license will be used to further her life goals and financial security.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

93) **Allegation:** Defendant De La Cruz intentionally hindered Plaintiff's application and refused to process Plaintiff's application alleging the application was incomplete under false pretense.

**Answer:** Deny.

94) **Allegation:** Further, Defendant De La Cruz enforced unreasonable, fictitious requirements for Plaintiff's application which ultimately prevented Plaintiff from completing her application and obtaining her license for more than a year.

**Answer:** Deny.

95) **Allegation:** The subcommittee denied Plaintiff's appeal because of De La Cruz's intentional act of misrepresenting Plaintiff's application as incomplete, thus depriving her of a constitutionally provided liberty.

**Answer:** Deny.

96) **Allegation:** Plaintiff's application should have been accepted, at least if the subcommittee followed the same standards previous applications had to meet.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

97) **Allegation:** Plaintiff's application would have been approved but for the fact she is transgender.

**Answer:** Deny.

98) **Allegation:** Defendant De La Cruz denied Plaintiff procedural due process because Plaintiff is transgender.

**Answer:** Deny.

**Count III – Martin – Equal Protection**

99) **Allegation:** Plaintiff hereby re-alleges and incorporates by reference the allegation contained in all preceding paragraphs.

**Answer:** All preceding allegations are denied unless specifically admitted.

17

100) **Allegation:** Plaintiff met the listed requirements for a Kansas electrology license.

**Answer:** Deny**.** One of the listed requirements on the out-of-state KBOC application was certification of plaintiff's training hours by a state agency.

101) **Allegation:** Defendant Martin required Plaintiff to produce certification from a Kentucky state agency related to training hours knowing that said agency would not and could not certify Plaintiff's training hours, and that such information would have to come from Plaintiff's school.

**Answer:** Deny.

102) **Allegation:** Defendant Martin refused to accept a certification of Plaintiff's training hours from said school, which was the one entity that could certify Plaintiff's training.

**Answer:** Deny.

103) **Allegation:** Other graduates from the same school in Kentucky have received Kansas cosmetology licenses without the requirement of certification of training hours from Kentucky state agency; said applicants were granted Kansas cosmetology licenses based upon certification from the same Kentucky school attended by Plaintiff.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

104) **Allegation:** Defendant Martin intentionally created extra barriers for Plaintiff not required of other applicants, which allegedly rendered Plaintiff's application "incomplete."

**Answer:** Deny.

105) **Allegation:** Defendant Martin intentionally impeded Plaintiff's application because Plaintiff is transgender:

18

**Answer:** Deny.

106) **Allegation:** Defendant Martin intentionally denied Plaintiff the opportunity to sit for the twenty-question exam for a period of approximately one year under color of state law.

**Answer:** Deny.

107) **Allegation:** The delay in receiving her license has damaged Plaintiff financially through lost income, lost opportunity, and diminished career growth.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

108) **Allegation:** Along with the financial stressors, plaintiff is mentally wounded and exhausted from having to provide information that was impossible to gather to an unyielding board.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

109) **Allegation:** Plaintiff worked hard and put in 600 hours of training to pursue her chosen career path and was prohibited by Defendant under color of state law because she is transgender.

**Answer:** Deny.

110) **Allegation:** Defendant Martin denied Plaintiff the equal protection of the laws under the Fourteenth Amendment to the United States Constitution while acting under the color of state law.

**Answer:** Deny.

111) **Allegation:** As shown by the foregoing, Defendant Martin's conduct was willful, wanton, and malicious, and showed completed (sic) indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an aware (sic) of punitive damages in an amount sufficient to punish Defendants or to deter them and other agencies from the conduct in the future.

**Answer:** Deny.

### Count IV - Kassiah Martin – Procedural Due Process

112) **Allegation:** Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all preceding paragraphs.

**Answer:** Defendants deny all preceding allegations unless specifically admitted.

113) **Allegation:** Plaintiff cannot be deprived of her life, liberty or property by a governmental agency without due process.

**Answer:** Admit.

114) **Allegation:** Plaintiff's electrology license is property as it is a governmental benefit to which she is entitled to if she meets the qualifications, which Plaintiff does.

**Answer:** Deny.

115) **Allegation:** Plaintiff's electrology license will be used to further her life goals and financial security.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

116) **Allegation:** Defendant Martin hindered Plaintiff's application process because Defendant Martin never provided Plaintiff notice of her application's allegedly incomplete status.

20

**Answer:** Deny.

117) **Allegation:** Defendant Martin created unreasonable requirements for Plaintiff's application which ultimately prevented Plaintiff from completing the application requirements imposed by Martin.

**Answer:** Deny.

118) **Allegation:** Plaintiff requested her application be reviewed by the subcommittee.

**Answer:** Admit.

119) **Allegation:** However, Defendant Martin did not fairly represent Plaintiff's application, and the impossible requirements Defendant Martin set to the Subcommittee.

**Answer:** Deny.

120) **Allegation:** Plaintiff was not told what Martin provided to the Subcommittee for their review and whether that included Plaintiff's explanation of why she could not get the State of Kentucky to verify her training hours.

**Answer:** Deny.

121) **Allegation:** Defendant Martin denied Plaintiff the opportunity to talk, explain the situation, or write a letter to the Subcommittee.

**Answer:** Deny.

122) **Allegation:** The Subcommittee denied Plaintiff's appeal, thus depriving her of a constitutionally provided right.

**Answer:** Deny.

123) **Allegation:** Plaintiff's application should have been accepted, at least if the Subcommittee followed the same standards previous applications had to meet.

21

**Answer:** Denied. Plaintiff's license application was approved and plaintiff was issued her electrology license from the KBOC.

124) **Allegation:** Plaintiff's application would have been approved but for the fact she is transgender.

**Answer:** Denied. Plaintiff's license application was approved and plaintiff was issued her electrology license from the KBOC.

125) **Allegation:** Defendant Martin denied Plaintiff procedural due process because Plaintiff is transgender.

**Answer:** Deny.

## Count V - Unknown Members of the KBC – Equal Protection

126) **Allegation:** Plaintiff hereby realleges and incorporates the allegations contained in all preceding paragraphs.

**Answer:** Defendants deny all preceding allegations unless specifically admitted.

127) **Allegation:** Plaintiff met the listed requirements for a Kansas electrology license.

**Answer:** Deny.

128) **Allegation:** Defendants denied Plaintiff's application over an impossible requirement which previous applicants were not required to meet.

**Answer:** Deny. Plaintiff has received her license.

129) **Allegation:** The delay in receiving her license has damaged Plaintiff financially through loss of income and career growth.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

130) **Allegation:** Along with the financial stressors, Plaintiff is mentally wounded and exhausted from having to provide information that was impossible to gather to (sic) an unyielding board.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

131) **Allegation:** Plaintiff worked hard and put in 600 hours of training to pursue her chosen career path and was prohibited by Defendants under color of state law because she is transgender.

**Answer:** Deny.

132) **Allegation:** Defendants denied Plaintiff the equal protection of the laws under the Fourteenth Amendment to the United States Constitution while acting under the color of state law.

**Answer:** Deny.

133) **Allegation:** As shown by the foregoing, Defendants' conduct was willful, wanton and malicious and showed completed (sic) indifference to or conscious disregard for the rights of others, including the rights of Plaintiff. Thus, justifying an aware of punitive damages in an amount sufficient to punish Defendants or to deter them and other agencies from the conduct in the future.

**Answer:** Deny.

### Count VI – Unknown Members of the KBC – Due Process

134) **Allegation:** Plaintiff hereby-realleges and incorporates by reference the allegations contained in all preceding paragraphs.

**Answer:** Defendants deny all preceding allegations unless specifically admitted.

135) **Allegation:** Plaintiff cannot be deprived of her life, liberty or property by a governmental agency without due process.

**Answer:** Admit.

136) **Allegation:** Plaintiff's electrology license is property as it is a governmental benefit to which she is entitled to if she meets the qualifications, which plaintiff does.

**Answer:** Deny.

137) **Allegation:** Plaintiff electrology license would be used to further her life goals and financial security.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

138) **Allegation:** Plaintiff was denied her property right and thus appealed to the Defendant Board Members.

**Answer:** Deny that plaintiff was denied property right. Admit there was an appeal.

139) **Allegation:** Plaintiff's full name was on the application, thus alerting the subcommittee of her transgender status.

**Answer:** Admit Plaintiff's full name was on the application, deny this would alert as to her transgender status.

140) **Allegation:** The Subcommittee denied her appeal, thus depriving her of a constitutionally provided liberty.

**Answer:** Deny.

141) **Allegation:** Plaintiff's application should have been accepted, at least if the subcommittee followed the same previous applications had to meet.

24

**Answer:** Deny the inference that Plaintiff's license application was not accepted. Plaintiff's application was accepted and she has been granted her license to practice Electrology in Kansas.

142) **Allegation:** Plaintiff's application would have been approved but for the fact she is transgender.

**Answer:** Deny.

143) **Allegation:** Defendants denied Plaintiff procedural due process because Plaintiff is transgender.

**Answer:** Deny.

Respectfully submitted,

KRIS W. KOBACH
Attorney General

*/s/ Bradley E. Avery*
Bradley E. Avery, KS #13071
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel: (785) 296-2215
Fax: (785) 291-3767
Email:  brad.avery@ag.ks.gov
*Attorney for Defendants*

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of August, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Arden Pearson
Missouri Kansas Queer Law
103 W 26th Ave Suite 170
North Kansas City, MO 64130
arden@mokanqueerlaw.com
*Attorney for Plaintiff*

*s/ Bradley E. Avery*
Bradley E. Avery, KS #13071
Assistant Attorney General
