IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JORDAN BLACK** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 25-CV-2036 |
| | ) |
| **EMILY DE LA CRUZ,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## RENEWED MOTION TO STAY DISCOVERY

COME NOW the defendants, by and through their attorney, Brad E. Avery, and move the Court to stay discovery in this matter, including further discovery previously identified and requested by the plaintiff, to wit, "Upon inspection of the records provided, Plaintiff believes she must obtain further subpoenas to request information from the Kansas Board of Cosmetology Chair, and potentially others."

"Plaintiff requests that this Court grant an extension of time to name the unidentified defendants as parties until September 1, 2025, and any other orders this court deems just and equitable." Document 25, Item 13.

As part of its request to stay discovery, the defendants respectfully asked the Court to take note of the fact that Plaintiff's case was filed on January 27, 2025. After service on March 18, 2025, defendants filed their initial Motion to Dismiss on April 3, 2025.

Defendants' Answer was filed on April 4, 2025. On August 5, 2025, the plaintiff's requested extension of time to name the unidentified defendants as parties by Plaintiff Jordan Black. In Plaintiff's Motion it was stated:

1

> "COMES NOW Plaintiff, Jordan Black by and through her attorney, and pursuant to Federal Rule of Civil Procedure 6(b), respectfully moves this Court for an extension of time to add parties past the August 5, 2025, due to need for further discovery."

On August 6, 2025, the defendants filed an objection to any additional discovery:

> It is the defendants' position that further discovery should be at least postponed pending a ruling on one or more of the motions to dismiss this case. The Court's time would be best spent in determining whether this case should be allowed to go forward rather than allow the parties to engage in potentially time consuming and resource wasting efforts at discovery which at this point may prove futile as the initial responses from the Kansas Board of Cosmetology indicate. Document 26.

The Court denied the defendants' motion, stating the "defendants' do not address plaintiff's stated reasons for the extension request and instead request that discovery be stayed pending a ruling on their dispositive motions." On August 13, 2025, defendants filed their Motion to Stay Discovery. On August 20, 2025, the plaintiffs filed an amended complaint for damages. On August 21, 2025, the Court declared that defendants' motions were moot as the result of the filing a Plaintiff's amended complaint.

The Defendants Motion to Stay Discovery was not made to address the sufficiency of the plaintiff's discovery requests, but rather to call the Court's attention to the holdings of the United States Supreme Court in regard to the timing of discovery and the resolution of the defendants' immunity defenses prior to the completion of discovery. "Until this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley* 500 U.S. 226,232 (1991).

In the objection to plaintiff's request for extension. the defendants noted they had filed two motions to dismiss based upon immunity under the 11th Amendment, qualified immunity and lack of standing. Documents 6 and 21. One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit. *See Siegert v. Gilley*, 500 U.S. 226, 232(1991)

"Until this threshold immunity question is resolved, discovery should not be allowed." *Seigert*, 500 U.S. at 232 (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time-consuming preparation to defend the suit on its merits."

In addition, the defendants offered the case law in *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)) and *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)) (discussing qualified immunity). The sole purpose of the plaintiff was to continue discovery, which the Supreme Court has stated should not occur until the immunity questions are resolved. The defendants thereby renew their objections and submit a second Motion to Stay Discovery.

          Respectfully submitted,

          KRIS W. KOBACH
          Attorney General

          */s/ Bradley E. Avery*
          Bradley E. Avery, KS #13071
          Assistant Attorney General
          Memorial Bldg., 2nd Floor
          120 SW 10th Avenue
          Topeka, Kansas 66612-1597
          Tel: (785) 296-2215
          Fax: (785) 291-3767
          Email: brad.avery@ag.ks.gov
          *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of August, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Arden Pearson
Missouri Kansas Queer Law
103 W 26th Ave Suite 170
North Kansas City, MO 64130
arden@mokanqueerlaw.com
*Attorney for Plaintiff*

                                             *s/ Bradley E. Avery*
                                             Bradley E. Avery, KS #13071