## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

JORDAN BLACK                                 )
                                             )
                          Plaintiff,         )
                                             )        Case No. 2:25-cv-2036
v.                                           )
                                             )
EMILY DE LA CRUZ, *et al.*                   )
                                             )
                          Defendants.        )

### PLAINTIFF'S SUGGESTIONS
### IN OPPOSITIONTO DEFENDANT'S MOTION TO DISMISS

COMES NOW, Jordan Black by and through her attorney, and moves for an Order denying Defendant's Motion to Dismiss. In support, Plaintiff states as follows:

### Introduction

Defendants seek dismissal on three grounds: (1) Eleventh Amendment immunity, (2) qualified immunity, and (3) lack of standing/mootness because Plaintiff ultimately received her license on March 3, 2024. (Defs.' Mot. to Dismiss at 1–2, 8–10, Doc. 43). Plaintiff sues the named officials in their **individual capacities** for unconstitutional, extra-statutory treatment that blocked her from practicing for about fifteen months and caused lost income and other harms. *Am. Compl.* ¶¶ 27–32, 41–62, 70–79 (Doc. 37). Plaintiff has pleaded sufficient facts to support that Defendants' individual claims to qualified immunity are waived as the individual defendants engaged in invidious discrimination against Plaintiff because of her sex and because she does not comport with traditional sex stereotypes. The individual defendants have a ministerial duty to refrain from discriminating against Plaintiff in the application process for a cosmetology license and they may not avoid liability based on their allegation that the granting of a license is "discretionary" when the exercise of their "discretion" is clearly based in prohibited discrimination. Damages for those

past injuries keep this case live, and under Rule 12 the Court must accept well-pleaded facts as true and draw reasonable inferences in favor of Plaintiff. The Court should deny the motion.

## Legal Standard

The standard in Supreme Court cases *Iqbal* and *Twombly* is used in determining if Defendant's are entitled to their Motion to Dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). Under a motion to dismiss standard, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974 (2007). The Supreme Court in *Twombly* reiterated the bedrock principle that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable," and "that a recovery is very remote and unlikely." *Id.* at 1965 (citations omitted). The complaint must "contain sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 557 (2007). Plausibility does not equate to probability but instead requires more than the sheer possibility that Defendant acted unlawfully. A court must accept the nonmoving party's factual allegations as true and may not dismiss a case because it appears the allegations are not likely to be proven. *Id*. Further, the Court shall make all reasonable inferences in favor of the plaintiff. See *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S. Ct. 975 (1990); see also Fed. R. Civ. P. 8(a); *Lafoy v. HMO Colorado*, 988 F.2d 97, 98 (10th Cir. 1993). Ultimately the Court must determine if Plaintiff's Complaint sufficiently alleges facts that would establish an entitlement to relief under the alleged legal theory. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Under Rule 12(b)(6), a complaint survives if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," with all reasonable inferences drawn

for the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 570 (2007). A Rule 12(b)(1) facial standing challenge asks whether the complaint plausibly alleges injury-in-fact, traceability, and redressability, accepting well-pleaded facts as true. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). A case is not moot if the court can award effectual relief; nominal damages alone suffice to redress a past constitutional violation. *Uzuegbunam v. Preczewski*, 592 U.S. 279, 284–86 (2021); *Jordan v. Sosa*, 654 F.3d 1012, 1024–26 (10th Cir. 2011). As a final matter, granting a motion to dismiss is a harsh remedy which must be exercised with caution to protect the liberal rules of pleading and the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989); *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986).

## <u>Argument and Analysis</u>

### I.    Plaintiff May Proceed on Claims Against Defendants in their Individual Capacities.

”Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.” 42 U.S.C. § 1983. The Eleventh Amendment provides the State of Kansas immunity for any suits against it; however, this protection does not extend to “wrongful individual action.” *Ford Motor Co. v. Department of Treasury*, 323 US. 459, 462 (1954).

Plaintiff sues the named officials (and the three subcommittee members once identified) in their individual capacities for damages based on actions taken under color of state law. *Hafer v.*

*Melo*, 502 U.S. 21, 27–31 (1991). The Eleventh Amendment bars § 1983 damages against the State and against state officers in their official capacities, because the State is the real party in interest and not a "person" under § 1983; by contrast, § 1983 damages against state officers in their individual capacities are permitted. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165–68 (1985); *Hafer v. Melo*, 502 U.S. 21, 27–31 (1991); *Ruiz v. McDonnell*, 299 F.3d 1173, 1180–81 (10th Cir. 2002). Whether an entity is an "arm of the State" matters only for official-capacity or entity claims, not for personal-capacity damages. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164–70 (10th Cir. 2000). Indemnification addresses who pays, not who may be sued; thus, even if Kansas later reimburses its employees, that does not convert an individual-capacity suit into one against the State. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 431 (1997). If any stray official-capacity damages wording remains, the proper remedy is to strike only that aspect and permit the individual-capacity claims to proceed, with leave to amend if the Court prefers additional clarity. *Graham*, 473 U.S. at 165–68; *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant argues that rather than suing the individual defendants named in this suit, Plaintiff is suing the State of Kansas, making the Eleventh Amendment applicable. This argument is far-fetched and does not align with the pleadings filed in this case. Plaintiff's Complaint clearly lays out facts to show how each individual Defendant applied the Kansas Board of Cosmetology's rules unfairly and unequally. *Am. Compl.* ¶¶ 20–37, 46–53, 59–62. Plaintiff alleged in her complaint that Defendant De La Cruz denied Plaintiff the ability to sit for her licensing exam due to an alleged rule that out of state educated students must provide documentation of their training directly from the state in which they were educated rather than the school attended. *Am. Compl.* ¶¶ 20-37. Plaintiff alleged the same requirements applied to Plaintiff were not applied to others

who completed the same training as Plaintiff and attended the same school as Plaintiff who applied for a cosmetology license in Kansas. The requirements were made applicable only to Plaintiff because of her sex and because she is someone who was "different" than other applicants due to her gender identity. After De La Cruz refused Plaintiff's application, Defendant Martin gave Plaintiff the same response. *Plaintiff's Compl*. ¶¶ 46-53. Defendants personally imposed an extra-statutory "state-agency verification" requirement and blocked Plaintiff from the exam for approximately fifteen months—as the Amended Complaint alleges—thereby satisfying § 1983's individual-liability standard at this stage. *Pahls v. Thomas*, 718 F.3d 1210, 1225–29 (10th Cir. 2013).

Plaintiff is not complaining about the policy, the KCB's rules, or any action of the state is the reason she was treated unequally. Rather, Plaintiff alleges in her Complaint that Defendants De La Cruz and Martin unjustly applied an alleged KCB rule related to cosmetology programs outside of Kansas to intentionally deny Plaintiff the opportunity to receive a cosmetology license because of her sex and gender identity. The Eleventh Amendment does not apply to Plaintiff's claims against Defendant's Martin and De La Cruz who were acting in their individual capacities, and thus Defendants' Motion to Dismiss should be denied.

## II. Defendants Waived Qualified Immunity by Acting in Bad Faith and With Malice

Plaintiff has pleaded sufficient facts to establish a waiver of qualified immunity. "A qualified immunity defense asserted in a Rule 12(b)(6) motion to dismiss generally presents two questions; 1) whether the plaintiff has alleged facts showing a constitutional violation; and 2) whether that constitutional violation was clearly established or obvious at the time of the incident in question." *Bledsoe v. Carreno*, 53 F.4th 589, 601 (10th Cir. 2022). In this case, Plaintiff has

alleged facts showing constitutional violations of her Procedural Due Process rights and Equal Protection Rights as established by the 14th Amendment to the United States Constitution.

Qualified immunity "does not apply to discretionary acts done in bad faith or with malice." *Davis v. White*, 794 F.3d 1008, 1013 (8th Cir. 2015) (internal citations omitted). A defendant "is not immune from liability for damages under § 1983 if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [person] affected, or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the [person]." *Francia v. White,* 594 F.2d 778, 783 (10th Cir. 1979). Intentional invidious discrimination is precisely the type of malicious act which a person of reasonable intelligence would know is contrary to their duties as a public official and which is intentionally prejudicial and injurious to another. *See, NLRB v. Sumter Plywood Corp.,* 535 F.2d 917, 930 (5th Cir. 1976).

### A.  Equal Protection.

The Constitutional right of Equal Protection under the Fourteenth Amendment ensures that no person shall be denied equal protection of the law. *Dow v. Rockey Mt. Classical Acad*., 99 F.4th 1256, 1259 (10th Cir. 2024) (citing *Clark v. Jeter*, 486 U.S. 456, 461 (1988). When the government acts because of sex, the Equal Protection Clause requires an "exceedingly persuasive justification." *United States v. Virginia*, 518 U.S. 515, 531–33 (1996). The Supreme Court has recognized, in the Title VII context, that discrimination against a transgender person is discrimination because of sex, which supports the plausibility of Plaintiff's Equal Protection claim at the pleading stage. *Bostock v. Clayton County*, 140 S. Ct. 1731, 1741–42 (2020).

Equal Protection claims based on sex discrimination can be proven through a review of the "totality of the relevant facts." *Washington v. Davis*, 426 U.S. 229, 242 (1976). This could include

the "specific sequence of events leading up to the challenged decision," and changes from normal procedure. *Vill. Of Arlington Heights v. Metro Hous. Dev. Corp*., 429 U.S. 252, 267 (1977). Plaintiff does not have to show that the Defendant expressly showed "animus, hatred, or bigotry" because of discrimination, rather that there was an intention to treat Plaintiff differently. *Colo. Christian Univ. v. Weaver,* 534 F.3d 1260 (10th Cir. 2008). Discriminatory purpose may be established with circumstantial evidence, including disparate treatment of similarly situated comparators, departures from normal procedures, and the sequence of events leading to the decision. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–68 (1977); *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

Plaintiff claims in her Petition that Defendants imposed an ad hoc "state-agency verification" requirement because Plaintiff is transgender, processed two non-transgender graduates from the same program on standard school verification, and used that one-off requirement to bar her from the exam for roughly fifteen months. *Am. Compl.* ¶¶ 27–28, 29–32, 53, 59–62, 70–71, 78. Here, the Amended Complaint alleges (i) comparators from the same school were licensed on school verification, (ii) Plaintiff alone had to obtain an impossible state-agency document, and (iii) officials persisted in maintaining her file as "incomplete" as an excuse to block her from taking the exam for about a year—facts that, taken as true, plausibly allege sex-based disparate treatment. Am. Compl. ¶¶ 29–32, 49–51, 54–62.

Plaintiff has alleged facts that Defendants have intentionally discriminated against her because of her sex and being transgender. Freedom from discrimination based on these statuses is clearly established in constitutional law and thus qualified immunity does not apply to Defendants Martin and De La Cruz.

### A. Procedural Due Process

Licensing to practice a profession implicates a protected interest in fair, non-arbitrary procedures; the State may not exclude a qualified applicant for reasons unrelated to fitness, and when it disables a professional from working it must provide timely and adequate process. *Schware v. Bd. of Bar Exam'rs,* 353 U.S. 232, 238–39 (1957); *Barry v. Barchi*, 443 U.S. 55, 66–67 (1979); *FDIC v. Mallen*, 486 U.S. 230, 242–47 (1988); *Guttman v. Khalsa*, 669 F.3d 1101, 1114–16 (10th Cir. 2012); *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1152–55 (10th Cir. 2001).

Here, Defendants invented a "state-agency verification" requirement untethered to statute, rejected the same school verification accepted for comparators, and kept Plaintiff's file "incomplete" to bar the exam for about a year even though her materials never changed. Am. Compl. ¶¶ 27–32, 41–53, 54–62. As in *Schware*, exclusion rested on criteria unrelated to competence; and as in *Barry* and *Mallen*, officials effectively suspended Plaintiff from her occupation without prompt, meaningful safeguards. *Schware*, 353 U.S. at 238–39; *Barry*, 443 U.S. at 66–67; *Mallen*, 486 U.S. at 242–47.

Under *Mathews v. Eldridge*, three factors confirm plausibility: (1) the private interest in practicing one's trained profession is substantial,; (2) the risk of erroneous deprivation was heightened by an "impossible" add-on and an allegedly incomplete file, and modest safeguards— accepting school verification as with comparators, allowing the exam, or ensuring the subcommittee reviewed a complete file—would have reduced that risk at minimal cost; and (3) the government's interest lies in verifying competence, not enforcing one-off hurdles untethered to fitness. *Mathews v. Eldridge*, 424 U.S. 319, 334–35(1976)**;** *Guttman v. Khalsa*, 669 F.3d 1101, 1114–16 (10th Cir. 2012).

Plaintiff pleaded sufficient facts she was denied due process in the application process for her electrology license by Defendants Martin and De La Cruz. The right to take the exam for licensing was clearly established at the time Plaintiff's application was being processed and thus qualified immunity does not apply to Defendants actions.

## III.    Standing Is Satisfied and the Case Is Not Moot; Damages Redress The Completed Injury

To establish Article III standing, Plaintiff must show an injury in fact that is concrete and particularized and actual or imminent; that the injury is fairly traceable to Defendants; and that it is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiff bears the burden to support each element with the degree of proof required at each successive stage. *Id*. at 561. A case becomes moot only if it is impossible for the Court to grant any effectual relief; even nominal damages redress a completed constitutional violation and keep the controversy live. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013); *Uzuegbunam v. Preczewski*, 592 U.S. 279, 284–86 (2021). The Tenth Circuit follows the same standard as *Chafin* concerning retrospective relief. *Jordan v. Sosa*, 654 F.3d 1012, 1024–26 (10th Cir. 2011); *Tandy v. City of Wichita*, 380 F.3d 1277, 1290–92 (2004).

The legally protected interest at hand here is the right to practice in a chosen career field and be free from discrimination, as discussed above in previous sections. Everyone has the right to pursue the lawful career of their choice. *Dent v. West Virginia*, 129 U.S. 114, 121. Each person's right to their chosen career "cannot be arbitrarily taken from them." *Id*. at 121-122. Plaintiff alleged that she was denied her opportunity to practice in her chosen career field due to the arbitrary denial of her application to sit for the licensure exam. *Am. Compl*. ¶¶ 74–79, 83, 93–94. Plaintiff showed the arbitrariness of this requirement when she pled that Plaintiff was required to provide proof of her completion of the necessary training from the State of Kentucky instead of from the school she

attended. Plaintiff further pled that two prior students who had taken courses in Kentucky and had been licensed in Kansas had only been required to produce proof of curriculum from the school they attended, and not the State of Kentucky, which does not maintain such records. *Am. Compl.* ¶¶ 27–29 and 47–52. Plaintiff's Complaint therefore has facial allegations of a denial of her ability to practice in her chosen career.

The causal relation between Defendant's actions and Plaintiffs injury is also clearly alleged in Plaintiff's Complaint for Damages. Plaintiff pled she had been offered a job in electrology prior to her licensure, and the job offer was contingent upon Plaintiff receiving her license. *Am. Compl.* ¶ 72. Plaintiff pled the denial of her application blocked her ability to sit for the exam required for her to receive her license, thereby denying her a license and resulting in Plaintiff being unable to work in the position offered her, which was contingent upon licensure by the State of Kansas. *Am. Compl.* ¶¶ 60–63. Further Plaintiff pled she had to take a position as a security guard for fifteen (15) months, which paid less than the proffered electrologist job, as a result of Defendants denial of her application. *Am. Compl.* ¶¶ 76–78. This establishes a clear connection between Defendant's actions and Plaintiff's injuries.

Plaintiff had a right to practice her chosen career and incurred financial losses because of the denial of that right. Both of these injuries, as well as the emotional distress injuries Plaintiff claims, can all be redressed by a favorable decision. *Am. Compl.* ¶¶ 85, 108, 130. Monetary damages will redress the lost wages, and the emotional distress and violation of Plaintiff's rights can lead to punitive damages. Defendant's claim that Plaintiff now having sat for her exam and being licensed redresses the issue and creates a lack of standing for Plaintiff is false. Plaintiff may be licensed now, but still suffered lost wages and emotional distress. Plaintiff's injuries are fully redressable through a favorable decision.

Plaintiff had a clear and actual injury in the loss of her ability to practice her chosen career and earn the wages associated, caused directly by Defendants denial of her application, and a desirable outcome will redress the injury through monetary damages making up for the lost wages Plaintiff has suffered. Thus, all three elements required for standing are filled.

To the extent Defendants cite "*Kinds R.S.*," the case is *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973), and it is inapposite. *Linda R.S.* held that a private citizen lacked standing to compel prosecution of a third party because she had no judicially cognizable interest in another's prosecution and prosecution would not likely redress her injury. *Id*. at 618–19. By contrast, Plaintiff alleges direct, personal economic and constitutional injuries from licensing officials' actions, and damages would redress those completed harms; Article III is satisfied, and the case is not moot. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Uzuegbunam v. Preczewski*, 592 U.S. 279, 284–86 (2021); *Jordan v. Sosa*, 654 F.3d 1012, 1024–26 (10th Cir. 2011).

## Conclusion

Plaintiff has met her pleading burden establishing a waiver of qualified immunity and Defendant's Motion for Dismissal under Fed. R. Civ. P. 12(b)(6) should be denied. Defendants are not entitled to official immunity because they acted in bad faith and with malice when they intentionally discriminated against Plaintiff because of her sex and gender identity. Defendants violated Plaintiff's clearly established constitutional rights for Equal Protection and Due Process. Finally, Plaintiff has standing to bring her lawsuit against the named Defendants.

WHEREFORE, Plaintiff requests this Court deny Defendant's Motion to Dismiss, or in the alternative, grant her leave to amend her Complaint if this Court deems necessary, and for any further relief this Court deems appropriate.

Respectfully Submitted,

MISSOURI KANSAS QUEER LAW

/s/ *Mary Madeline Johnson*
Mary Madeline Johnson, D.Kan. #77985
Arden Pearson, Kansas #29240
103 W. 26th Avenue, Suite 200
North Kansas City, Missouri 64116
Telephone: (816) 974-6575
Email: madeline@mokanqueerlaw.com
arden@mokanqueerlaw.com

## **Certificate**

I hereby certify a true copy of the foregoing was served via this Court's electronic filing system on this 15th day of September 2025 to all parties of record.

/s/ *Mary Madeline Johnson*
Mary Madeline Johnson