IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JORDAN BLACK,

    Plaintiff,

v.

EMILY DE LA CRUZ, et al.,

    Defendants.

Case No. 25-2036-DDC-ADM

# ORDER

This civil-rights matter comes before the court on defendants Emily De La Cruz, Kassiah Martin, and unknown board members of the Kansas Board of Cosmetology's (together, "defendants") motion to stay discovery. (ECF 45.) By way of this motion, defendants ask the court to stay discovery pending a ruling on their motion to dismiss (ECF 43). Also before the court is plaintiff Jordan Black's motion for extension of the deadline to file a motion for leave to join additional parties or to otherwise amend the pleadings. (ECF 46.) For the reasons discussed below, the court grants defendants' motion, enters a discovery stay, and denies as moot Black's motion for extension of time.

This district's longstanding policy is not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023). Whether to grant a

stay of discovery is committed to the trial court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Here, the court finds good cause to grant the motion to stay. First, defendants' pending motion to dismiss raises a number of immunity issues. The named defendants are former state employees of the Kansas Board of Cosmetology. In their motion to dismiss, they assert that they are entitled to qualified immunity as former state officials, and that, in any event, the suit is barred by the immunity granted Kansas by the Eleventh Amendment. A defendant is generally entitled to have questions of immunity resolved before being required to engage in discovery. *See Arnold v. City of Olathe, Kan.*, No. 18-cv-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."). Until the "threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). The prudent course of action here is to allow the district judge an opportunity to resolve the threshold immunity issue before requiring defendants to participate in discovery.

Other factors also weigh in favor of a stay. Discovery is not necessary to resolve the motion to dismiss, to which Black has already responded. In addition, defendants' motion to dismiss also asserts that Black's claims should be dismissed because she lacks standing to bring them. Although the court cannot necessarily say that the complaint is *likely* to be dismissed in the dispositive-motion ruling, moving forward with discovery at this time could prove wasteful and burdensome. Accordingly, the court grants defendants' request to stay discovery at this point.

If the case remains pending following the court's ruling on defendants' motion to dismiss, the court will re-set case-management deadlines, including the deadline for motions to amend

pleadings.  Thus, with the entry of this discovery stay, Black's motion for extension of the amendment deadline is moot.

**IT IS THEREFORE ORDERED** that defendants' motion to stay discovery (ECF 45) is granted.  Discovery is stayed pending a ruling on the motion to dismiss.  If any of Black's claims survive, the parties must confer and jointly submit a proposed amended scheduling order to the undersigned's chambers within 14 days of the ruling.

**IT IS FURTHER ORDERED** that Black's motion for extension of the deadline to file a motion for leave to join additional parties or to otherwise amend the pleadings (ECF 46) is denied as moot.

Dated September 19, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge