**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JORDAN BLACK** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 25-CV-02036-DDC-ADM** |
| ) | |
| **EMILY DE LA CRUZ,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

---

### NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS

---

Pursuant to Federal Rule of Civil Procedure 45, Defendants Kassiah Martin and Emily De La Cruz ("Defendants"), hereby gives notice that the attached subpoena to produce documents shall be served upon the following:

Theresa E. Morgan

at:

4902 NE Gladstone Avenue
Kansas City, MO 64119

Date: July 21, 2026

1

Respectfully submitted,

KRIS W. KOBACH
Attorney General

/s/ James Eric Todd
James Eric Todd, KS No. 24297
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave.
Topeka, Kansas 66612-1597
james.todd@ag.ks.gov
 (785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants Emily De La Cruz*
*and Kassiah Martin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2026, the foregoing document was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Arden Pearson
Missouri Kansas Queer Law
103 W 26th Ave Suite 170
North Kansas City, MO 64130
arden@mokanqueerlaw.com
*Attorney for Plaintiff*

/s/James Eric Todd
James Eric Todd
Assistant Attorney General

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Kansas

JORDAN BLACK )
*Plaintiff* )
v. ) Civil Action No.  25 CV 02036 DDC ADM
EMILY DE LA CRUZ, et al. )
)
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Theresa E. Morgan

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place:   James Eric Todd<br>120 SW 10th Avenue<br>Topeka, KS 66612 1597 | Date and Time:<br><br>08/04/2026 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/21/2026

*CLERK OF COURT*

OR

_____        /s/ James Eric Todd
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Emily De La Cruz and Kassiah Martin _____ , who issues or requests this subpoena, are:
James Eric Todd, 120 SW 10th Avenue, Topeka, KS 66612, james.todd@ag.ks.gov, 785 291 3988

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  25-CV-02036-DDC-ADM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JORDAN BLACK** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-CV-02036-DDC-ADM** |
| | ) | |
| **EMILY DE LA CRUZ,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**SUBPOENA ATTACHMENT:
CLARIFICATIONS OF DOCUMENTS TO BE PRODUCED UNDER SUBPOENA
TO THERESA E. MORGAN**

Pursuant to the Subpoena to Theresa E. Morgan, Defendants request for production under the Subpoena includes:

I. Any communications between Theresa E. Morgan and Jordan Black regarding her training as an electrologist and her application for licensure in any state. Jordan Black states she is/was licensed in both Iowa and Kansas, and considered seeking licensure in Missouri. Please provide any communications and documents you have related to her application for licensure in any state.

II. Any communications between Theresa E. Morgan and a third-party regarding Jordan Black's employment, her training as an electrologist, and her application for licensure in any state.

1

III.    Any documents and communications for Theresa E. Morgan regarding her training as an electrologist and her licensure in any state. Please include any communications Theresa E. Morgan had with state licensing agencies and/or Southeastern School of Laser & Electrology/Clinic regarding her application for licensure as an electrologist in Kansas.

Date: July 21, 2026

Respectfully submitted,

KRIS W. KOBACH
Attorney General

/s/ James Eric Todd
James Eric Todd, KS No. 24297
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave.
Topeka, Kansas 66612-1597
james.todd@ag.ks.gov
 (785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants Emily De La Cruz*
*and Kassiah Martin*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2026, the foregoing document was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Arden Pearson
Missouri Kansas Queer Law
103 W 26th Ave Suite 170
North Kansas City, MO 64130
arden@mokanqueerlaw.com
*Attorney for Plaintiff*

/s/*James Eric Todd*
James Eric Todd
Assistant Attorney General

3